**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1783-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JACOB FILS-AIME,

    Defendant-Appellant.

_____

Submitted April 25, 2022 – Decided June 24, 2022

Before Judges Messano and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-04-1013.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jacob Fils-Aime pled guilty to the lesser-included offense of aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1) and was sentenced to a twenty-one-year term of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. In his pro se petition for post-conviction relief (PCR), defendant alleged plea counsel provided ineffective assistance (IAC) because he failed to adequately communicate with defendant and failed to file a motion, which defendant "requested [he do] several times," to suppress defendant's statement to law enforcement.

PCR counsel was appointed, and in a supplemental certification, defendant asserted he "had a valid argument for self-defense," but plea counsel "pressured [him] to plead guilty." Defendant also stated that plea counsel failed to file an appeal from defendant's "excessive" sentence, nor did counsel adequately argue at sentencing "mitigating factors . . . such as [defendant] being justified in . . . defending [himself from] unwanted sexual advances from the victim."

The PCR judge was also the judge who accepted defendant's guilty plea and imposed sentence. The judge considered oral argument and rejected any claim that the sentence was excessive, noting she imposed a lesser sentence than the plea bargain permitted, and the prosecutor recommended. The judge

also observed that she held a hearing on the admissibility of defendant's statement to law enforcement and ruled the statement was admissible before defendant pled guilty. Nonetheless, citing a "plethora of recent PCR decisions by the Appellate Division[,] . . . in an abundance of caution," the judge determined "an evidentiary hearing [wa]s necessary." The judge limited the hearing to: "[w]ere there discussions about self-defense? . . . [W]as [defendant] pressured into taking this plea?"[1]

Plea counsel testified that he reviewed discovery with defendant and explained "what self-defense was," but defendant's "initial response was he couldn't remember anything." Counsel explained "self-defense in this particular case would be problematic because . . . the alleged force [defendant used] was perhaps beyond what was necessary to defend." Counsel also explained "the duty to retreat" to defendant. Counsel said defendant's version of events — the victim made unwanted sexual advances, so defendant pushed him away and the victim fell backward hitting his head — was inconsistent with "all the reports that we had . . . [a]s well as the autopsy report." Counsel

---

[1] Defendant's certification also stated that he told his attorney to file an appeal from the "excessive sentence" imposed by the judge, but his lawyer never did. Prior to any testimony at the evidentiary hearing, PCR counsel withdrew defendant's claim that plea counsel failed to file an appeal of the sentence.

A-1783-20

reviewed the State's plea offer with defendant's father, and defendant voluntarily accepted his recommendation and pled guilty rather than go to trial.

Defendant testified that plea counsel met with him fifteen times in the jail before the guilty plea and discussed self-defense and "passion provocation" with him. Nonetheless, counsel never discussed the option of going to trial, and, between counsel's advice and his family's advice, defendant "felt like [he] didn't have any choice" but to plead guilty. Defendant denied seeing discovery in the case or reviewing it with plea counsel.

The judge initially reserved decision but soon wrote a concise opinion explaining her reasons for denying PCR relief. The judge found plea counsel's testimony was credible, as was defendant's, although, at times, the judge found defendant "seemed confused during cross-examination, often choosing not to answer questions he disagreed with when asked."

The judge cited the proper standards governing an IAC claim for post-conviction relief, specifically the two-prong test adopted by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and applied by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).[2]

---

[2] To establish a viable IAC claim, a defendant must first show "that counsel made errors so serious that counsel was not functioning as the 'counsel'

Regarding defendant's claim that plea counsel failed to adequately communicate with him, the judge noted defendant's own testimony that he met with his attorney fifteen times before pleading guilty. She also cited defendant's plea allocution, in which defendant said under oath that "no one pressured him into taking the plea."

Discussing the potential for asserting self-defense at trial, the judge credited plea counsel's testimony that it was not "a viable . . . claim because of the level of injury [defendant] caused to the victim." The judge said defendant's inability to recall what happened on the night of the homicide because he "passed out" resulted in defendant being unable to provide counsel with "greater assistance . . . in developing a defense." The judge determined plea counsel "was not deficient" and entered a conforming order denying the petition.

---

guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Additionally, a defendant must prove he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687. A defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58. "In the specific context of showing prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

Before us, defendant reiterates that plea counsel rendered ineffective assistance because his review of the evidence and potential defenses with defendant was inadequate. Defendant also claims plea counsel was ineffective for failing to argue mitigating facts at sentencing. Lastly, defendant urges us to remand because the judge failed to make adequate findings of fact and conclusions of law.

These arguments lack sufficient merit to warrant extensive discussion in a written opinion. R. 2:11-3(e)(2). We affirm and add only the following brief comments.

We acknowledge the judge could have been clearer in stating the factual findings she made from the evidence adduced at the hearing. Nevertheless, the judge recounted the relevant testimony from plea counsel and defendant. Implicit in her conclusion that plea counsel was not deficient was her finding that defendant admitted spending significant time with counsel discussing possible defenses, and counsel explained why self-defense would not have been successful at trial, in part, because defendant could not recall critical facts. The judge also found that during his plea allocution, defendant denied being pressured into pleading guilty, and defendant's testimony during the PCR hearing was limited to a claim that he "felt pressured." We see no reason to

6

remand because the judge's implicit findings and explicit conclusions rejected defendant's claims that plea counsel inadequately reviewed the evidence and potential defenses with defendant or otherwise pressured him into pleading guilty.

Defendant's PCR petition asserted his sentence was excessive and counsel failed to argue in mitigation that defendant was defending himself against the victim's unwanted sexual advances. See N.J.S.A. 2C:44-1(b)(4) ("substantial grounds . . . excuse[d] or justif[ied] defendant's conduct, though failing to establish a defense"). However, there was no more than a passing reference to the claim in PCR counsel's brief, and she made no argument prior to or after the evidentiary hearing that plea counsel provided ineffective assistance at the sentencing hearing.

Even if the issue had been adequately raised during the PCR proceedings, it lacks any merit. See State v. Echols, 199 N.J. 344, 361 (2009) (noting counsel was not deficient for failing to raise losing arguments). Although he did not specifically mention defendant's allegations of the victim's sexual advances, plea counsel did tell the judge at sentencing, "there was a strong provocation . . . that night that led to this." Moreover, the judge found mitigating factor eight, see N.J.S.A. 2C:44-1(b)(8) ("defendant's conduct was the result of

circumstances unlikely to recur"), and, prior to the evidentiary hearing, the judge noted she imposed a reasonable sentence on defendant that was less than the plea bargain permitted and the prosecutor requested.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION